UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------
SIMON WEILL
on behalf of himself and
all other similarly situated consumers

                     Plaintiff,

      -against-


LTD FINANCIAL SERVICES, L.P.

                    Defendant.

--------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1.    Plaintiff Simon Weill seeks redress for the illegal practices of LTD Financial Services, L.P. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2.    Plaintiff is a citizen of the State of New York who resides within this District.

3.    Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff a consumer debt.

4.    Upon information and belief, Defendant's principal place of business is located in Houston, Texas.

5.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6.    Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### Jurisdiction and Venue

7.  This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### Allegations Particular to Simon Weill

9.  Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10.  On or about September 13, 2013, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11.  The said letter represented three settlement offers and provided due dates for each offer.

12.  Defendant stated the above language in order to create a sense of urgency in Plaintiff and make him think that he was under a non-existent deadline.

13.  Defendant's letter is misleading and deceptive in that its statements imply a time deadline.

14.  Upon information and belief, there were no time deadlines; rather, Defendant made these statements solely to create a false sense of urgency by the Plaintiff.

15.  At all times herein, Defendant's written communications to Plaintiff were false, deceptive, and misleading.

16.  Defendant violated 15 U.S.C. § 1692d of the FDCPA by harassing Plaintiff in connection with the collection of an alleged debt.

17.  Defendant violated 15 U.S.C. §§ 1692e and 1692e(10) of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt.

18.     Defendant violated 15 U.S.C. § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect a debt.

19.     Section 1692d provides that a debt collector "may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." See 15 U.S.C. §1692d. The proper legal standard under § 1692d takes into consideration the fact that "[w]hether a consumer is more or less likely to be harassed, oppressed, or abused by certain debt collection practices does not relate solely to the consumer's relative sophistication." Courts instead use a standard analogous to the least sophisticated consumer standard, which requires "claims under § 1692d should be viewed from the perspective of a consumer whose circumstances makes him relatively more susceptible to harassment, oppression, or abuse."

20.     Sections 1692e and 1692e(10) prohibit the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. This general prohibition is intended to cover the deceptive collection acts and practices that do not fit the specific prohibitions given in the subsections of this section, as it would be impossible for Congress to foresee and list every type of deceptive collection misbehavior.

21.     In the context of settlement letters, many courts have held that settlement letters can be a positive for both debt collectors and consumers. Nevertheless, in keeping with the statutory requirements, collection agencies may not be deceitful in the presentation of the settlement offer.[1]   In *Goswami*, the Fifth Circuit was presented with a letter from the

---

[1] Campuzano-Burgos v. Midland Credit Management, Inc., 550 F.3d 294, 299 (3d Cir. 2008) citing Goswami v. Am. Collections Enter., 377 F.3d 488, 496 (5th Cir.2004)).

defendant that stated that it could offer the plaintiff a 30% discount as long as it responded

within the next 30 days, even though the defendant had authority to offer the discount for

longer than the 30 days. Id. In reversing the district court's grant of summary judgment in

favor of the defendant, the Fifth Circuit held that:

> While we agree it is important to permit collection agencies
> to offer settlement, that policy consideration does not remove
> collection agencies' obligation under the FDCPA to deal in a non-
> deceitful manner. A collection agency may offer a settlement;
> however, it may not be deceitful in the presentation of that
> settlement offer, as [defendant] was in this case…[The
> defendant's] deception is actionable under the FDCPA and is not
> excused because it is part of a debt collector's settlement offer.

Id. at 495-95. Referring to the actual letter at issue in *Goswami*, the court determined

that for the following reasons, the defendant's letter was a violation of the FDCPA:

> The statement in the collection letter is untrue and makes it appear
> that [the original creditor's] offer of a 30% discount was a one-
> time, take-it-or-leave-it offer that would expire in thirty days. The
> obvious purpose of the statement was to push [the plaintiff]
> to make a rapid payment to take advantage of the purported
> limited time offer.

22.     Defendant's use of illusory and arbitrary deadlines was meant to deceive the Plaintiff to

make a prompt payment.

23.     Defendant claimed that its settlement offers in the said letter were strictly contingent upon

payment being received in the amounts stated in the letter by the due dates stated, but upon

information and belief, Defendant's time deadlines are artificial. The Defendant intended

to give the false impression that if the consumer does not pay the settlement offer by the

deadline, then the consumer will have no further chance to settle their debt for less than

the full amount.

24.     Upon information and belief, the original creditor did not put any limitations on the time

within which Plaintiff could accept an offer.

See. <u>DeGeorge v. Fin. Recovery Servs.</u>, 2012 U.S. Dist. LEXIS 140966, 19-20 (E.D. Pa. Sept. 27, 2012) (Stating "while the safe harbor language may ensure that the consumer will not perceive these letters as one-time offers, plaintiff alleges that the 35-day deadlines in the letters did not exist at all. Therefore, whether the least sophisticated consumer would perceive the [collection] letters as "one-time, take-it-or-leave-it" offers or as potentially renewable offers, each letter still contained false and misleading information because, as alleged by plaintiff, no deadline existed at all.)

25.  The inclusion of a deadline in a settlement offer itself does not violate the FDCPA. However, in order to act consistently with 1692e, the debt collector "may not be deceitful in the presentation of the settlement offer."[2]

26.  Where a debt collection letter contains an offer to settle by a specified date and makes it appear therein that such offer is a "one-time, take-it-or-leave-it offer", when in fact the debt holder is prepared to make other offers after the expiration date, the letter contains a false statement in violation of the FDCPA.[3]  A letter that leaves a consumer with such a false impression violates 1692e because an unsophisticated consumer may think that if they don't pay by the deadline, they will have no further chance to settle their debt for less than the full amount.

See. <u>DeGeorge v. Fin. Recovery Servs.</u>, 2012 U.S. Dist. LEXIS 140966, 19 (E.D. Pa. Sept. 27, 2012) (The court stated "In *Evory* … [T]he Seventh Circuit held that if a collection letter contained the language, "We are not obligated to renew this offer", an

---

[2] <u>Campuzano</u>, 550 F.3d at 299 (quoting <u>Goswami v. Am. Collections Enter.</u>, 377 F.3d 488, 496 (5th Cir. 2004)).
[3] <u>Dupuy v. Weltman, Weinberg & Reis Co.</u>, 442 F.Supp.2d 822, 828 (N.D.Cal. 2006); [19] see also <u>Goswami</u>, 377 F.3d at 496.

unsophisticated consumer would not be misled because "even the unsophisticated consumer will realize that there is a renewal possibility but that it is not assured… The safe harbor language in *Evory* did not authorize debt collectors to present deadlines in collection letters that were in fact non-existent. Therefore, I conclude that plaintiff's allegations that the collection letters included false deadlines — even if those deadlines were presented as renewable offers — is sufficient to state a claim under 1692e" The court noted "Moreover, I conclude that misrepresentations concerning deadlines in a collection letter constitute material misrepresentations. Therefore, plaintiff has stated a claim under 1692e even if non-material, false representations do not violate the FDCPA.")

27.   Section 1692f of the FDCPA provides that a debt collector may not use "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f. Section 1692f then goes on to enumerate eight particular practices which are unfair or unconscionable. However, § 1692f is not limited by this list of eight practices, and prohibits all unfair or unconscionable conduct on the part of a debt collector. Reed v. Pinnacle Credit Services, LLC, 2009 WL 2461852 (E.D. Pa. Aug. 11, 2009.) ("The list of § 1692f violations found in the subsections are non-exhaustive") (Internal citations and quotations omitted).

28.   A claim under FDCPA provision prohibiting debt collector from "using unfair or unconscionable means to collect or attempt to collect any debt" should be viewed through lens of the "least-sophisticated consumer."

29.   The clear intention of the said letter is to pressure the Plaintiff to come up with money before the illusory misleading deadlines run out.

30.     Defendant, as a matter of pattern and practice, mails letters, or causes the mailing of letters, to debtors using language substantially similar or materially identical to that utilized by Defendant in mailing the above-cited letter to the Plaintiff.

31.     The letters the Defendant mails, or causes to be mailed, are produced by Defendant's concerted efforts and integrated or shared technologies including computer programs, mailing houses, and electronic databases.

32.     The said letter is a standardized form letter.

33.     Defendant's September 13, 2013 letter is in violation of 15 U.S.C. §§ 1692d, 1692e, 1692e(10), and 1692f for engaging in deceptive, misleading, and unfair practices.

## AS AND FOR A FIRST CAUSE OF ACTION

***Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.***

34.     Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through thirty three (33) as if set forth fully in this cause of action.

35.     This cause of action is brought on behalf of Plaintiff and the members of a class.

36.     The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about September 13, 2013; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to Chase Bank USA, NA; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692d, 1692e 1692e(10), and 1692f for engaging in deceptive, misleading, and unfair practices.

37.     Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    A.   Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

    B.   There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

    C.   The only individual issue is the identification of the consumers who received such collection letters (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

    D.   The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

    E.   The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

38.     A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk

of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

39.  If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

40.  Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### Violations of the Fair Debt Collection Practices Act

41.  The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

42.  Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant and award damages as follows:

(a)  Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k);

(b)  Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)  Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
September 12, 2014

/s/ Adam J. Fishbein

_____

Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411


Plaintiff requests trial by jury on all issues so triable.

/s/ Adam J. Fishbein

_____

Adam J. Fishbein (AF-9508)